IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MELANIE K. KREMERS                                                                                    PLAINTIFF

               v.                              Civil No. 04-2227

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                                                DEFENDANT

## MEMORANDUM OPINION

**Factual and Procedural Background:**

      Plaintiff, Melanie Kremers, appeals from the decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying her applications for disability insurance benefits (hereinafter "DIB"), and supplemental security income benefits (hereinafter "SSI"), pursuant to §§ 216(i) and 223 of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i)* and *423,* and § 1602 of Title XVI, *42 U.S.C. § 1381a,* respectively.

      Plaintiff was 27 years of age at the time of the administrative hearing and possesses a Graduate Equivalency Diploma (T. 461, 463, 82, 159). She has past relevant work as a pharmacy technician and cashier/receptionist (T. 77, 101). Plaintiff asserts disability due to: degenerative disc disease/bulging discs with annular tear; migraine headaches; bipolar disorder; ulcerative colitis/Crohn's Disease/peptic ulcer disease/reflux esophagitis; fatigue/insomnia; extremity numbness/weakness; anxiety/depression; mood/personality disorder; obsessive compulsive disorder; decreased ability to remember/concentrate; and, diarrhea/nausea. Plaintiff protectively filed her applications on July 8, 2002 (T. 56-59, 439-443). The Social Security Administration denied plaintiff's applications initially and on reconsideration. She

then requested and received a hearing before an Administrative Law Judge (hereinafter "ALJ"), which hearing was held on May 22, 2003 (T. 456-503), after which the ALJ rendered an unfavorable decision dated February 3, 2004 (T. 13-30). On June 24, 2004, the Appeals Council denied the plaintiff's Request for Review of the hearing decision (T. 5-7), thus making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of the ALJ's unfavorable decision. See *42 U.S.C. § 405(g)*. Although both parties were afforded the opportunity to file an appeal brief, only the defendant chose to do so (Doc. #10), and this matter is now ready for consideration.

**Applicable Law:**

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir.2002)*. Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir.2003)*. As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari, 258 F.3d 742, 747 (8th Cir.2001)*. In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir.2000)*.

It is well established that a claimant for Social Security disability benefits has the

burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A)*. The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *42 U.S.C. § § 423(d)(3), 1382c(3)(C)*. A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See *20 C.F.R. § § 404.1520(a)-(f)(2003)*. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. See *McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir.1982); 20 C.F.R. § § 404.1520, 416.920 (2003)*.

Further, the ALJ may discredit subjective complaints which are inconsistent with the record as a whole. *Ownbey v. Shalala*, 5 F.3d 342, 344 (8th Cir.1993). The law on this issue is clear. Under *Polaski v. Heckler*, 739 F.2d 1320, 1321-22 (8th Cir.1984), "an ALJ must look at five factors when determining the credibility of a claimant's subjective allegations of pain: (1)

AO72A
(Rev. 8/82)

the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) aggravating and precipitating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions." *Harris v. Shalala*, *45 F.3d 1190, 1193 (8th Cir.1995); see also Baker v. Sec. of HHS, 955 F.2d 552, 555 (8th Cir.1992)*. The absence of an objective medical basis which supports the subjective complaints of pain is just one factor to be considered in evaluating the credibility of a plaintiff's subjective complaints of pain. *Polaski v Heckler, 751 F.2d 943, 948 (8th Cir.1984); see also, Chamberlain v. Shalala, 47 F.3d 1489, 1494 (8th Cir.1995)*. The ALJ must "discuss" these factors in the hearing decision. *Herbert v. Heckler, 783 F.2d 128, 131 (8th Cir.1986)(citing Polaski v. Heckler, 751 F.2d 943, 948-950 (8th Cir.1984))*. Consideration must also be given to all the evidence presented related to the claimant's prior work history, and the observations of non-medical third parties, as well as treating and examining physicians related to the above matters. *20 C.F.R. § 416.929; Social Security Ruling 96-7p; Polaski v. Heckler, 751 F.2d 943 (8th Cir.1984)*(subsequent history omitted).

"While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced." *Polaski v. Heckler*, *739 F.2d at 1322.*

To determine whether the ALJ properly applied the factors listed in *Polaski*, we must determine whether the ALJ took into account all the relevant evidence, and whether that evidence contradicted the claimant's own testimony so that the ALJ could discount the testimony for lack of credibility. *Benskin v. Bowen*, *830 F.2d 878, 882 (8th Cir.1987)*. The

AO72A
(Rev. 8/82)

ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988).

Implicit in the ALJ's task of making a credibility determination is the requirement that he "discuss" the *Polaski* factors. *Herbert v. Heckler*, 783 F.2d at 130 (the *Polaski* cases and the Social Security Disability Reform Act of 1984 require that the Commissioner set forth the inconsistencies in the objective medical evidence presented and discuss the factors set forth in the *Polaski* settlement when making "credibility" determinations concerning claimant's subjective complaints of pain).

In summary, the ALJ must discuss and point out the inconsistencies in the record, in order to make a credibility determination. *Cline v. Sullivan, 939 F.2d 560, 565 (8th Cir.1991)* ("it is not enough that inconsistencies may be said to exist, the ALJ must set forth the inconsistencies in the evidence presented and discuss the factors set forth in *Polaski* when making credibility determinations"); *Herbert v. Heckler*, *783 F.2d at 131* (even though evidence with respect to *Polaski* factors is in the record, those factors must be discussed in the decision).

"Nonexertional limitations are limitations other than on strength but which nonetheless reduce an individual's ability to work." *Asher v. Bowen, 837 F.2d 825, 827 n. 2 (8th Cir.1988).* Examples include "mental, sensory, or skin impairments, as well as impairments which result in postural and manipulative limitations or environmental restrictions." *Id.; See 20 C.F.R., Pt. 404, Subpart P, Appendix 2, §§200.00(e).*

Residual functional capacity is what a plaintiff can do despite her limitations, and it must be determined on the basis of all relevant evidence, including medical records, physician's

-5-

AO72A
(Rev. 8/82)

opinions, and the plaintiff's description of her limitations. *Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir.2001);* see also, *Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir.1995);* 20 C.F.R. §§416.945(a).

When a plaintiff suffers from exertional and nonexertional impairments, as asserted here, and the exertional impairments alone do not warrant a finding of disability, the ALJ must consider the extent to which the nonexertional impairments further diminish the plaintiff's work capacity. *Thompson v. Bowen, 850 F.2d 346, 349 (8th Cir.1988).* If the claimant's characteristics do not differ significantly from those contemplated in the Medical-Vocational Guidelines, the ALJ may rely on the Guidelines alone to direct a finding of disabled or not disabled. *Id.* That is to say, "an ALJ may use the Guidelines even though there is a nonexertional impairment if the ALJ finds, and the record supports the finding, that the nonexertional impairment does not diminish the claimant's residual functional capacity to perform the full range of activities listed in the Guidelines." *Id. at 349-50.* The United States Court of Appeals for the Eighth Circuit has explained as follows:

> In this context, "significant" refers to whether the claimant's nonexertional impairment or impairments preclude the claimant from engaging in the full range of activities listed in the Guidelines under the demands of day-to-day life. Under this standard isolated occurrences will not preclude the use of the Guidelines, however persistent nonexertional impairments which prevent the claimant from engaging in the full range of activities listed in the Guidelines will preclude the use of the Guidelines to direct a conclusion of disabled or not disabled.

*Id. at 350.* See also, *Holz v. Apfel, 191 F.3d 945, 947 (8th Cir.1999); Foreman v. Callahan, 122 F.3d 24, 26 (8th Cir.1997); Lucy v. Chater, 113 F.3d 905, 908 (8th Cir.1997).*

Further, the prevailing rule, in the Eighth Circuit and elsewhere, is that "the report of a

AO 72A
(Rev. 8/82)

consulting physician who examined the claimant once does not constitute 'substantial evidence' upon the record as a whole, especially when contradicted by the evaluation of the claimant's treating physician." *Turpin v. Bowen, 813 F.2d 165, 170 (8th Cir.1987)*. However, neither is the opinion of the treating physician "conclusive in determining disability status, [since it] must be supported by medically acceptable clinical or diagnostic data." *Matthews v. Bowen, 879 F.2d 422, 424 (8th Cir.1989)*. Moreover, the deference accorded a treating physician is premised upon a presumed familiarity with the plaintiff's condition. *See, e.g., Peterson v. Shalala 843 F.Supp. 538, 541 (D.Neb.,1993)* citing *Havas v. Bowen, 804 F.2d 783, 785 (2d Cir.1986)*.

Finally, it should be noted that whenever adult claimants allege mental impairment, the application of a special technique must be followed at each level of the administrative review process. See *20 C.F.R. § 416.920a(a)*.

The Commissioner is then charged with rating the degree of functional limitation, and applying the technique to evaluate mental impairments. See *20 C.F.R. § 416.920a(d)*. Application of the technique must be documented by the Commissioner at the ALJ hearing and Appeals Council levels. See *20 C.F.R. § 416.920a(e)*.

**Discussion:**

At the outset, we note that the record is replete with evidence concerning the plaintiff's back impairment, and the related complaints of limitation and pain (T. 485, 76, 86, 108, 163, 165, 167, 168, 170, 169, 172, 173, 174, 176, 178, 181, 182, 184, 187, 218, 219, 225, 240, 247, 253, 254, 264, 266, 304, 305, 309, 313, 316, 318, 326, 328, 330, 338, 341, 343, 344, 347, 348, 351, 355, 359, 361, 390, 379, 392, 376, 398, 374, 404, 367, 406, 407, 412, 416, 405, 364, 422,

423, 427, 429, 430, 434, 436, 437). The record also supports the plaintiff's complaints and diagnoses of a stomach/intestinal disorder, described variously throughout the record as ulcerative colitis, Crohn's Disease, peptic ulcer disease and reflux esophagitis (T. 258, 347, 349, 141, 146, 153, 305, 343, 351, 364, 390, 424, 427, 434, 435, 437). The plaintiff alleges numerous other subjective complaints and nonexertional limitations, including: migraine headaches (T. 489-90, 112, 228, 260, 261, 268, 330, 397, 427); anxiety/depression (T. 474-76, 487, 80, 158, 159, 160, 211, 314, 398, 424, 435); insomnia/fatigue (T. 483, 87, 154, 158, 161, 155, 236, 235, 310, 312, 313, 349, 409, 424); extremity and hand numbness/weakness (219, 228, 260, 261, 328, 329, 348, 362, 409); mood/personality disorder (T. 474-75, 160, 162, 156, 236, 397); obsessive compulsive disorder (T. 359, 358); decreased memory and concentration (T. 486, 491, 492, 86, 158, 160, 424, 427); and, nausea and diarrhea (T. 489, 228, 260, 261, 267, 315, 316, 318, 323, 335, 342, 349, 364, 390, 394, 397, 424).

Further, the plaintiff states that she takes numerous prescription medications, from which she suffers side effects (T. 155, 81, 424). She also alleges a lack of finances to purchase her medications and treatment (T. 258, 484, 319).

Plaintiff has seen and been treated by numerous doctors over the years. Her alleged onset date for purposes of disability is November 30, 2001(T. 57). Clearly, she allegedly suffers from numerous physical and mental impairments, many of which are supported by ample record evidence. Under these circumstances, the Social Security Act requires the Commissioner to consider the combined effect of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient medical severity to be disabling. *See 20 C.F.R. § 404.1523; Cunningham v. Apfel, 222 F.3d 496, 501 (8th Cir.2000);*

AO72A
(Rev. 8/82)

*Delrosa v. Sullivan*, 922 F.2d 480, 484 (8th Cir.1991). In the present case, the ALJ was obligated to consider the combined effects of plaintiff's numerous physical impairments, as well as her asserted mental impairments. *See id.* Here, the only impairments the ALJ found to be "severe", as contemplated by the regulations, are plaintiff's bipolar disease and lumbar degenerative disc disease (T. 15). He found no evidence of medically determinable severe impairments due to ulcerative colitis or other abdominal/intestinal conditions, migraine headaches, anxiety/depression, mood disorders, numbness/weakness, back impairment, broken ankle, hypertension or depression (T. 15-23).

Notably, a careful reading of the ALJ's decision, along with a review of the administrative record, reveals an inadequate assessment of the totality of plaintiff's impairments. Rather, each impairment was discussed singly, found to have no medical evidence in support of its existence or not discussed, at all. The failure to consider the plaintiff's impairments in combination is reversible error.

In addition, two of the plaintiff's treating medical sources, Dr. Brackman and Dr. Howell, each assessed plaintiff's RFC. Dr. Brackman found plaintiff remained capable of: sitting a total of 4 hours per day, 30 minutes without interruption; standing a total of 2 hours per day, 15 minutes uninterrupted; walking 2 hours per day, 15 minutes without interruption; and, walking and standing (combined) for a total of 4 hours per day (T. 320). Further, the doctor opined that plaintiff can: never lift/carry over 10 pounds; can occasionally lift/carry 1-10 pounds; can use both hands for simple grasping, pushing and pulling and fine manipulation; cannot use her feet to operate foot controls; can never bend, squat, crawl, climb, stoop or crouch; can only occasionally reach above her head and kneel; cannot tolerate working around

-9-

heights or being around moving machinery; can occasionally be exposed to marked temperature changes and drive automotive equipment; and can frequently work around dust, fumes, gases and noise (T. 320-321). Dr. Brackman noted objective signs of pain to be supported by x-ray findings, muscle spasms and MRI results. He assessed her pain as severe, which is defined as precluding the activity precipitating the pain (T. 322). This RFC evaluation was completed on November 18, 2002.

Dr. Howell completed his assessment on August 22, 2003, finding plaintiff's pain to be severe, enough so to interfere with attention and concentration, require unscheduled breaks and produce "good days" and "bad days". Dr. Howell noted plaintiff would likely miss more than 4 days per month from work (T. 427). Dr. Howell also observed that plaintiff remains capable of: sitting a total of 3 hours per day, 15 minutes without interruption; standing a total of 2 hours per day, 15 minutes uninterrupted; walking 3 hours per day, 1 hour without interruption; and, she must be able to alternate positions frequently (T. 428). Further, the doctor opined that plaintiff can: never lift/carry over 10 pounds; can occasionally lift/carry 6-10 pounds; can frequently lift/carry 1-5 pounds; and, can never climb, crouch or kneel, but occasionally can bend, squat, crawl, stoop and reach above her head (T. 428). Nonetheless, the ALJ found that the plaintiff retains the RFC to perform a significant range of light work (T. 30). This finding is not supported by substantial evidence of record.

The ALJ discounted Dr. Brackman's opinion and findings, stating:

It is noted that Dr. Brackman is a DO and not an MD. He is also not an orthopedic specialist or a pain specialist. In fact, when he first evaluated Ms. Kremers, on August 1, 2002, it is noted that he obviously felt he was not qualified to assess her orthopedic status and referred the claimant to a pain

specialist.

(T. 26). It should be noted that a doctor of osteopathy is an acceptable medical source, as contemplated by the regulations. *20 U.S.C. § 404.1513.*

The ALJ discounted Dr. Howell's RFC assessment, stating:

> It is apparent that Dr. Howell was merely relying on what the claimant reported to him as there is no objective medical data in the record to support the diagnosis of Crohn's disease. Therefore, since Dr. Howell relied on the claimant's subjective complaints for his diagnosis, the undersigned cannot rely on the remainder of his assessment of the claimant's ability to perform work-related activities to be totally valid.

(T. 26). We disagree.

While plaintiff was seen by an orthopedic surgeon and a pain specialist, neither doctor was asked to assess her RFC. Dr. Thomas Hart, the pain specialist, specifically observed, "[o]ne does not need a large herniated disc in order to cause pain." (T. 331). The only RFC assessments completed by examining doctors have been improperly discounted. This, too, is error.

Although a deficiency in opinion-writing is not a sufficient reason to set aside an ALJ's findings where the deficiency has no practical effect on the outcome of the case, the ALJ is not free to ignore medical evidence but rather must consider the record as a whole. See *Senne v. Apfel, 198 F.3d 1065, 1067 (8th Cir.1999).*

**Conclusion:**

Accordingly, we conclude that the decision of the Commissioner, denying benefits to the plaintiff, should be reversed and this matter remanded for an reconsideration of the

-11-

AO72A
(Rev. 8/82)

plaintiff's residual functional capacity, with particular attention to be paid to the combined effect of plaintiff's numerous impairments.

ENTERED this 3rd day of November, 2005.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)